**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Nicole M. Bockelman
Assistant U.S. Attorney
Nicole.Bockelman@usdoj.gov
(503) 727-1000
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

September 12, 2025

Suman Malempati
Assistant Federal Public Defender
District of Oregon
101 SW Main St., Suite 1700
Portland, OR 97204

      Re:    *United States v. Andrew Marcum, aka Amber Marcum*
              Case Number: 3:25-cr-00411-IM
              Plea Agreement Letter

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to plead guilty to Count 1 of the information alleging assault of a federal officer in violation of Title 18, United States Code Section 111(a)(1), a Class A misdemeanor.

3. **Penalties**: The maximum sentence is one year imprisonment, a fine of $100,000, and a $25 fee assessment. Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

4. **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

Suman Malempati
Andrew Marcum Plea Agreement Letter
Page 2
September 12, 2025

5. **Elements and Factual Basis**: In order for defendant to be found guilty of Count 1 of the information, the government must prove the following elements beyond a reasonable doubt:

> First, the defendant forcibly assaulted Adult Victim 1, and

> Second, the defendant committed the assault while Adult Victim 1 was engaged in, or on account of, his official duties.

Defendant admits the elements of the offense alleged in Count 1 of the information.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crime to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea. The following facts are undisputed:

On July 4, 2025, agents with Federal Protective Service (FPS) and Immigration and Customs Enforcement (ICE) exited the gates of the ICE building to make an arrest of a person who was spray painting graffiti on the ICE guard shack. An FPS Agent (Adult Victim 1) began chasing the man who had been spray painting the guard building when defendant ran toward Adult Victim 1 and attempted to trip him by kicking Adult Victim 1's legs. Post Miranda, defendant admitted that he began running when ICE agents exited the ICE building and when agents told defendant "you kicked him in the ankle and he almost fell down" defendant nodded his head and said, "um hum."

6. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Relevant Conduct**: The parties agree that defendant's relevant conduct pursuant to USSG § 1B1.9 and 2A2.4 corresponds to a base offense level of 10. Because the offense resulted in physical contact with the federal officer, the offense level is increased by three levels to offense level 13. Following a 2-level reduction for acceptance of responsibility, as indicated below, the total offense level is 11.

8. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a 12-month term of probation. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained

Suman Malempati
Andrew Marcum Plea Agreement Letter
Page 3
September 12, 2025

in USSG § 3C1.1, violates the terms of pretrial release by entering the exclusion zone surrounding the Portland Immigration and Customs Enforcement building, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9. **Joint Sentencing Recommendation**: As long as defendant accepts this plea before the deadline, the parties agree to jointly recommend a sentence of 12 months' probation, 10 hours of community service, and a $25 special assessment. During the term of probation, defendant is prohibited from entering the area surrounding the Immigration and Customs Enforcement Building in Portland Oregon. Defendant is specifically prohibited from entering the area bounded by South Gaines Street to the North; South Boundary Street to the South; Southwest Terwilliger to the West; and the Willamette River to the East. Defendant may use I-5 to transit the exclusion area so long as defendant does not depart the freeway or stop within the exclusion area.

10. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that any of defendant's conviction under this agreement is vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

11. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

12. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer, and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

Suman Malempati
Andrew Marcum Plea Agreement Letter
Page 4
September 12, 2025

13. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea. If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

14. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

15. **Deadline**: This plea offer expires if not accepted within two weeks of the date of this letter (September 26, 2025).

Sincerely,

SCOTT E. BRADFORD
United States Attorney


NICOLE M. BOCKELMAN
Assistant United States Attorney

Suman Malempati
Andrew Marcum Plea Agreement Letter
Page 5
September 12, 2025

***United States of America v. Andrew Marcum***
***3:25-mj-188***
**Plea Agreement**

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

10/6/2025
Date

ANDREW MARCUM
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

10/8/2025
Date

~~SUMAN MALEMPATI~~ CLAIS DANIELS-EDWARDS
Attorney for Defendant